**v.**

**The STATE of Texas, Appellee.**

**No. 08–89–00190–CV.**

Court of Appeals of Texas,
El Paso.

July 26, 1989.

Rehearing Denied Aug. 23, 1989.

David S. Arditti, Arditti & Arditti, El Paso, for appellant.

David C. Caylor, City Atty., H. Keith Myers, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an accelerated appeal from an order for extended medical management of the Appellant as a tuberculosis patient. He was initially ordered confined to R.E. Thomason General Hospital for a period of four months. Upon hearing a subsequently filed motion by the hospital, the court ordered the confinement and treatment to

be at the San Antonio State Chest Hospital. The appeal is from that order. We reverse.

This is a case of first impression as to the designation of the place of treatment of a patient confined for treatment of a communicable disease under the provisions of Tex.Rev.Civ.Stat.Ann. art. 4419b–1, sec. 8.01 et seq. (Vernon Supp.1989).

Appellant was diagnosed as having a communicable disease and was issued certain written orders by the El Paso Health Authority under Section 4.02 of the Communicable Disease Prevention and Control Act. He failed to comply with those orders. On April 5, 1989, the Health Authority, Dr. Laurance N. Nickey, applied to the district court for an extended order for management of this Appellant under Section 8.02 of the Act. The prerequisite affidavit of medical evaluation had been prepared by Dr. Nickey on March 27, 1989. The examination was conducted by Dr. Miguel Escobedo, who recommended over ninety days of medical restraint for standard treatment of disease. The Texas Commissioner of Health reviewed the medical evaluation, and on March 28, concurred in Dr. Nickey's opinion. On the same date, the Commissioner designated R.E. Thomason General Hospital as the appropriate in-patient medical care facility for Appellant under Section 8.04(a) of the Act. On April 7, the Appellant was medically restrained at Thomason Hospital subject to a protective custody order. Probable cause for such emergency detention was found by the trial judge at a hearing on April 10, 1989. On April 13, the court set the hearing on the merits of the extended management application and directed Thomason Hospital to file a proposed treatment plan under Section 8.04(b).

At the hearing on May 2, 1989, Dr. Escobedo testified that he had treated the Appellant for tuberculosis for approximately two months until the patient quit attending his appointments in November 1988. He described the disease as being one that is communicable and said it normally takes a minimum of six months of continuous medication to cure the disease. At the time of the hearing, the doctor said this patient needed four more months of treatment. He also testified that the most appropriate place for such treatment would be the State Hospital in San Antonio. The court ordered Appellant confined at R.E. Thomason General Hospital for in-patient treatment for a period of four months.

On May 9, 1989, the Hospital filed a motion asking the court to withdraw its order for confinement at Thomason and to direct that Appellant be confined to the San Antonio State Chest Hospital. Following a hearing, the court, on May 11, set aside that part of its order which directed that Appellant be committed to Thomason Hospital and ordered that he be committed to the San Antonio State Chest Hospital.

▮ In his first two points of error, the Appellant contends that Thomason General Hospital did not have standing to seek a modification of the order entered on May 2, 1989. His argument is based upon the requirements of Tex.Rev.Civ.Stat.Ann. art. 4419b–1, secs. 8.21 and 8.23. We conclude that Section 8.21 has no application in this case. That section provides for a modification of an in-patient commitment order to provide for out-patient care. In this case, the court did not modify that part of its order which provided for in-patient care. Section 8.23(a) does provide for a rehearing "for good cause shown." Appellant argues that this section is to provide a rehearing to determine whether the patient does or does not meet the criteria for protective custody. We do not read the language of the statute to state that such a determination is the only basis upon which a rehearing can be granted. Clearly, the court may release the patient from protective custody pending a rehearing, but paragraph (b) and (d) appear to suggest the rehearing would normally be for the purpose of determining if the patient continues to need treatment as directed by a prior order. We find nothing in paragraph (a) which prohibits the rehearing, if good cause be shown, from being for the purpose of determining the place at which treatment shall be provided. In this case evidence was offered, and the trial court must have found good cause was

shown as to why the place of treatment should be changed.

■ In order to properly raise the issue of standing, the issue should be raised by a special exception or plea in abatement to question whether a party has standing or a justiciable interest in the controversy. *Group Medical and Surgical Service, Inc. v. Leong,* 750 S.W.2d 791 (Tex.App.—El Paso 1988, writ denied). That was not done in this case, and the issue has not been preserved for appeal. Points of Error Nos. One and Two are overruled.

■ In his last point of error, the Appellant asserts that the trial court abused its authority to override the designation by the Commissioner of Health of Thomason General Hospital as the proper treatment facility. He argues that Section 8.25 mandates that the trial court commit the patient to the health care facility designated by the Commissioner, which was Thomason General Hospital. Section 8.25 provides the commitment shall be to a health care facility designated in accordance with Section 8.04 of the Act. Section 8.04 requires the commissioner to designate health care facilities throughout the state that are capable of providing services to persons having a communicable disease.

This section also provides, "The health authority shall select a designated facility in the county where the application for a court order for the management of a person with a communicable disease is filed." It also provides that if no facility is designated, the commission shall select the facility. His only selection for this patient was Thomason General Hospital. The "Designated Facility's Recommendation for Treatment" filed by Thomason General Hospital acknowledges that it is the "designated in-patient health facility by the Commissioner of Health." We conclude that unless the Commissioner designated another facility for treatment, the trial court had no authority under the Act to change the place for treatment. This conclusion is reinforced by the language in Section 8.04(e) which states:

The extent to which a designated facility must comply with this section shall be based on the commissioner's determination that the facility has sufficient resources to perform the necessary services.

That language places the discretion, as to the facility to be used, upon the Commissioner of Health and not in the trial court. In this case, the record is void of any evidence that the commissioner has ever designated the San Antonio facility as a proper facility to treat this particular patient.

We conclude that we are compelled to reach the results that we do when we recognize that in adopting this Act, the legislature specified certain "Subchapter" heading for the various provisions of the Act. Subchapter D, under which Section 8.25 is found, is entitled "Designation of Facility and Transportation" and a subheading before this particular section is entitled "Designation of in-patient health care facility." Clearly, the legislature intended the provisions of Section 8.25 to control when in-patient care was ordered and it is in that section that the Act requires the court to "commit the person to a health care facility that has been designated by the commissioner in accordance with Section 8.04 of this Act." No other Subchapter deals with "Designation of Facility" and the other sections of the Act are not applicable to the issue now before the Court. Point of Error No. Three is sustained.

The order of the trial court on May 11th is reversed, and the order of May 2, 1989 is reinstated.

FULLER, Justice, dissenting.

I respectfully dissent from the majority holding. The record indicates that the particular patient has been a problem. Dr. Laurance N. Nickey, Director of the El Paso City–County Health District, by a Health Authority Order signed on March 29, 1989, stated that the patient was diagnosed as having suspected, severe cavitary pulmonary tuberculosis. The order traces the trouble that the Health Authority had with the patient complying with recommended treatment. The patient was also diagnosed as having severe insulin depend-

ent diabetes and alcohol addiction. The patient further exposed Sarah Acevedo, an infant, to contagion to tuberculosis, resulting in the infant being subjected to prophylactic treatment. The patient was advised that failure to comply with the Health Authority Order could result in his being arrested and quarantined for up to a year at the Chest Hospital in San Antonio or other facility designated by the Texas Commissioner of Health.

The patient refused to comply with the Health Authority Order which resulted in application to the district court for an Order of Protective Custody seeking to take the patient to R.E. Thomason General Hospital in El Paso, Texas for detention pending a probable cause hearing. The trial court did order the detention of the patient until further order of the court. The patient was taken to that hospital for detention on April 7th.

The trial court heard the application for extended court ordered management of the patient. After the hearing, the court, on May 2, signed an order committing the patient for in-patient treatment and care of tuberculosis for a period of four months, but if extended not to exceed twelve months.

On May 9, 1989, the El Paso Hospital District, operating as R.E. Thomason General Hospital, filed in the trial court a motion to set aside and/or a motion to rehear the May 2 order of confinement of the patient for treatment alleging (1) that it had no notice of the May 2 hearing, (2) that R.E. Thomason General Hospital was not the appropriate "designated facility" for the level of care required by the patient, (3) that the facility posed a danger to the patient and to other patients, (4) that patient needed long term care at a tuberculosis care facility, such as the one in San Antonio, WHICH IS A LONG TERM CARE FACILITY DESIGNATED for the type of service necessary to the patient; and (5) that the State HAD FAILED TO UPDATE THE DESIGNATED FACILITY RECOMMENDATION FOR TREATMENT PRIOR TO THE HEARING.

I agree with (5) above since the record only indicates that the Commissioner's Des-

ignation of Health Facility of R.E. THOMASON GENERAL HOSPITAL WAS FILED MARCH 28, 1989, and only designates the hospital for "DETENTION" and certainly does not designate it for treatment for a period of four months not to exceed twelve months.

I disagree with the majority's statement that the record supports a finding that R.E. Thomason General Hospital was designated to treat this patient for a period of four months but not to exceed twelve months.

Dr. Angelica Caglia, a physician at R.E. Thomason Hospital and the treating doctor for the patient, testified that the patient was confined to a room with a police guard outside, and the patient was "DESPERATE TO GET OUT." She further testified that over a three-year period on similar patients the local hospital had diagnosed and stabilized the patient and if they needed three or four months of treatment, "we have always transferred them to San Antonio...." She further testified that Thomason Hospital was an acute care facility and provides initial treatment, initial evaluation and stabilization. She stated that the hospital was not a "long term facility." She testified that the San Antonio hospital had been approved or designated by the Commissioner for previous cases.

In my opinion, there is no designation of R.E. Thomason Hospital for anything more than detention of the patient. The patient was detained for examination, treatment and stabilization. I would find that the designation did not provide for "long term care" treatment. Section 8.18(e) seems to me to provide that the trial court should consider the local health care facility but can also hear additional evidence regarding facilities for isolation, observation, etc. Section 8.18(d). This he did.

I would uphold the trial court's order moving the patient to San Antonio, finding there was no abuse of discretion on his part after hearing the treating doctors' testimony and recommendations.